<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MICHAEL REEVES,

    Plaintiff,

v.

MICHAEL L. HEMSLEY, M.D., et al.,

    Defendants.

Civil Action No.
No. 18-14061 (JMV) (ESK)

**OPINION & ORDER**

**VAZQUEZ, District Judge:**

This matter comes before the Court by way of Plaintiff's Third Amended Complaint (hereinafter "Complaint") raising claims pursuant to 42 U.S.C. § 1983 and his motion to proceed with this matter. (D.E. 35, 36.) The Court has screened the Complaint pursuant to 28 U.S.C. § 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. The Court concludes, with the following caveats, that dismissal of the entire Complaint is not warranted at this time and will allow the majority of the Complaint to proceed.

In accordance with the Court's earlier Opinions, which narrowed the permissible parties in this case, (D.E. 16, 34.), Plaintiff now names: (1) Michael I. Hemsley; (2) John Doe, MD; (3) Warden Steven Ahrendt; (4) the Bergen County Jail Medical Center; (5) the Bergen County Jail; and (6) Karen Scheidwig, as Defendants in this matter.[1]

A county jail and its subsidiaries, however, such as the Bergen County Jail and its medical center, are "not . . . person[s] amenable to suit under § 1983 – the proper entity subject to suit is

---

[1] It appears that Plaintiff used an old caption which includes former Defendants, but the body of the Complaint only raises claims as to these six Defendants.

instead the county which operates the facility." *E.g.*, *Kelly v. Mercer Cty. Corr. Ctr.*, No. 19-16004, 2020 WL 6899483, at *2 (D.N.J. Nov. 23, 2020) (citing *Harris v. Hudson Cnty. Jail*, No. 14-6284, 2015 WL 1607703, at *5 (D.N.J. April 8, 2015)); *Nickens v. Mercer Cty. Corr. Ctr.*, No. 20-14489, 2020 WL 6323417, at *4 (D.N.J. Oct. 27, 2020) (collecting cases).

Similarly, official capacity suits are merely a way to plead "'an action against an entity of which an officer is an agent.'" *Gregory v. Chehi*, 843 F.2d 111, 120 (3d Cir. 1988) (quoting *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n. 55 (1978)). In other words, Plaintiff's official capacity claims are duplicative as they are essentially claims against the County itself. *Alvarado v. Johnson*, No. 19-18574, 2020 WL 3819211, at *3 (D.N.J. July 8, 2020) (citing *Kentucky v. Graham*, 473 U.S. 159, 165–66, (1985) ("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.")).

Consequently, the Court will dismiss with prejudice Plaintiff's § 1983 claims against the Bergen County Jail, the Bergen County Jail Medical Center, and the individual defendants in their official capacities, and substitute the County of Bergen as the proper Defendant as to these claims. *E.g.*, *Ocasio v. Cty. of Hudson*, No. 14-00811, 2018 WL 707598, at *3 (D.N.J. Feb. 5, 2018) (dismissing official capacity claims as duplicative to claims against the county); *see also Alvarado*, 2020 WL 3819211, at *3. The Court has reviewed the remainder of the Complaint and will allow it to proceed.[2] Accordingly,

IT IS, on this 11th day of March 2021,

---

[2] The Court is not expressly or implicitly limiting Defendants' right to assert any potential defenses as they see fit, including a motion pursuant to Federal Rule of Civil Procedure 12(b)(6) if Defendants deem it appropriate. Nor is the Court ruling that Plaintiff has established a violation. Instead, the Court is permitting these claims to go forward beyond screening.

**ORDERED** that Plaintiff's claims against the Bergen County Jail, the Bergen County Medical Center, and the official capacity claims against the individual Defendants are DISMISSED WITH PREJUDICE, and the Clerk shall SUBSTITUTE the County of Bergen as the proper Defendant as to these claims; and it is further

**ORDERED** that the remainder of the Complaint may PROCEED; and it is further

**ORDERED** that Plaintiff's motion to proceed, (D.E. 36.), is GRANTED IN PART; and it is further

**ORDERED** that the Clerk shall mail to Plaintiff a transmittal letter explaining the procedure for completing United States Marshal ("Marshal") 285 Forms ("USM-285 Forms"); and it is further

**ORDERED** that once the Marshal receives the USM-285 Form(s) from Plaintiff and the Marshal so alerts the Clerk, the Clerk shall issue summons in connection with each USM-285 Form that has been submitted by Plaintiff, and the Marshal shall serve summons, the Complaint and corresponding exhibits, and this Opinion and Order to the address specified on each USM-285 Form, with all costs of service advanced by the United States; and it is further

**ORDERED** that the Clerk shall serve Plaintiff with a copy of this Opinion and Order via regular U.S. mail.

_____
JOHN MICHAEL VAZQUEZ
United States District Judge