<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MICHAEL REEVES,<br><br>Plaintiff,<br><br>v.<br><br>THE COUNTY OF BERGEN, *et al.*,<br><br>Defendants. | Case No. 2:18-cv-14061 (BRM) (SDA)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Plaintiff Michael Reeves' ("Plaintiff") Motion for Reconsideration (the "Motion") (ECF No. 147), seeking reconsideration of the Court's Opinion (ECF No. 145) and Order (ECF No. 146) granting Defendant County of Bergen's ("Defendant" or "Bergen County") Motion for Summary Judgment. Defendant filed a response. (ECF No. 148.) Having reviewed and considered the parties' submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, the Motion is **DENIED**.

## I.    BACKGROUND

This action arises from the medical care Plaintiff received while detained at Bergen County Jail ("BCJ"). (*See* ECF No. 80.) During the relevant time period of June 2018 through October 2018, BCJ housed criminal prisoners and, through an agreement between Bergen County, the Department of Homeland Security ("DHS"), and Immigration and Customs Enforcement ("ICE"), BCJ also housed immigration detainees. (Plaintiff's Supplemental Statement of Material Facts ("PSSOMF") (ECF No. 139-3) ¶ 3.)

On June 15, 2018, Plaintiff was taken into custody by ICE officers. (Defendant Bergen County's Statement of Undisputed Material Facts ("DSOMF") (ECF No. 127-2) ¶ 1.) Plaintiff's right shoulder was injured while he was being taken into custody, resulting in a dislocation and requiring a medical procedure. (*Id.* ¶ 2.) Following that initial surgery, Plaintiff was transported to BCJ where he was detained beginning on June 25, 2018. (*Id.* ¶ 3; Plaintiff's Responsive Statement of Undisputed Material Facts ("PSOMF") (ECF No. 139-2) ¶ 3.)

From June 25, 2018, to June 29, 2018, Plaintiff was housed in BCJ's medical unit. (DSOMF ¶ 4; ECF No. 129-9 at 71–72.) On June 29, 2018, after his release to the general population, the records indicate Plaintiff "reported shaking hands with another inmate and feeling two clicks," and Plaintiff re-dislocated his shoulder. (DSOMF ¶ 6.) Plaintiff denies this, submitting that upon his arrival at BCJ's medical unit, Nurse Schedewig confiscated his medically essential sling, labeling it as contraband, and failed to provide him with a new sling, resulting in Plaintiff's shoulder re-dislocating when he "simply nodd[ed] his head" at fellow detainees. (PSSOMF ¶¶ 9–10, 15.)

Following the re-dislocation of Plaintiff's right shoulder, Plaintiff had a second closed reduction procedure, performed by Dr. Delany at New Bridge Medical Center on June 29, 2018. (DSOMF ¶ 7; PSOMF ¶ 7; PSSOMF ¶ 16.) Dr. Delany instructed Plaintiff to remain in a sling, except for limited range of motion from the hand, wrist, and elbow only, and to return to New Bridge Medical Center in two weeks. (DSOMF ¶ 8; PSOMF ¶ 8.) Physical therapy was not formally ordered at that time. (*Id.*) Plaintiff remained in a sling issued by BCJ until he returned to Dr. Delaney eighty-two (82) days later on September 17, 2018. (PSSOMF ¶ 19–20.) On October 15, 2018, Plaintiff returned to Dr. Delaney, and a prescription for physical therapy was issued at that time. (DSOMF ¶ 11.) In October 2018, Plaintiff was transferred to Essex County Correctional Facility. (*Id.* ¶ 12.)

On May 16, 2023, Plaintiff filed his fifth amended complaint ("FAC") naming Bergen County and Defendant Morse Correctional Healthcare, Inc. ("Morse") as the only defendants. (*See* ECF No. 80.) Following the partial grant of a Motion to Dismiss that was filed by Morse (*see* ECF Nos. 105, 106), Plaintiff's remaining claims in the FAC were as follows: (1) a 42 U.S.C. § 1983 *Monell*[1] claim against Bergen County (Count One); (2) a § 1983 supervisory liability claim against Bergen County, arguing Bergen County knew or should have known that they failed to supervise employees (Count Two); (3) Negligent Hiring and Supervision claims against Bergen County and Morse (Count Three); (4) a New Jersey Civil Rights Act ("NJCRA") claim for subjecting him to cruel and unusual punishment for the deprivation of medical care against Bergen County (Count Four); (5) Intentional and Negligent Infliction of Emotional Distress claims against Bergen County (Count Five); (6) an Intentional Misconduct for denying medical care claim against Bergen County (Count Six); and (7) a § 1983 Eighth Amendment deliberate indifference claim against Bergen County (Count Seven). (*See* ECF No. 80.)

Defendants Bergen County (ECF No. 127) and Morse (ECF No. 129) filed Motions for Summary Judgment. The Court granted summary judgment to Defendant on Plaintiff's Eighth Amendment deliberate indifference under *Monell* and supervisory liability claims (Counts One, Two, and Seven) and dismissed the claims with prejudice. (*See* ECF No. 145.) The Court considered the evidence presented by Plaintiff and found the evidence failed to "create a material issue of fact regarding whether in 2018, Bergen County was aware that immigration detainees were receiving inadequate medical care and had a policy of failing to adequately train and supervise the medical staff at BCJ." (*Id.* at 15.) The Court declined to exercise supplemental

---

[1] *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

jurisdiction over Plaintiff's remaining state law claims and, in turn, dismissed Morse's Motion for Summary Judgement as moot. (*Id.* at 16 n.5.)

On December 24, 2025, Plaintiff filed the Motion, seeking reconsideration of the Court's grant of summary judgment. (ECF No. 147.) Defendant opposed the Motion. (ECF No. 148.)

## II.    LEGAL STANDARD

Motions for reconsideration are permitted under Local Civil Rule 7.1(i), but reconsideration is considered an extraordinary remedy and is granted only sparingly. *See Buzz Bee Toys, Inc. v. Swimways Corp.*, 20 F. Supp. 3d 483, 515 (D.N.J. 2014); *Andreyko v. Sunrise Senior Living, Inc.*, 993 F. Supp. 2d 475, 477 (D.N.J. 2014). Motions for reconsideration are not intended as opportunities to reargue old matters or raise issues that could have been raised previously. *See Andreyko*, 993 F. Supp. 2d at 477–78; *P. Schoenfeld Asset Mgm't LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). Instead, Local Civil Rule 7.1(i) directs a party seeking reconsideration to file a "brief setting forth concisely the matter or controlling decisions which the party believes the Judge has overlooked." L. Civ. R. 7.1(i). It must be stressed, however, that reconsideration is "an extraordinary remedy" and is granted "sparingly." *NL Indus., Inc. v. Com. Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996).

To prevail on a motion for reconsideration, the moving party bears the burden of demonstrating one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court . . . [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (internal citation omitted). A court commits clear error of law "only if the record cannot support the findings that led to the ruling." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, Civ. A. No. 09-4590, 2010 WL 3257992,

at \*6 (D.N.J. Aug. 16, 2010) (citing *United States v. Grape*, 549 F.3d 591, 603–04 (3d Cir. 2008)). Moreover, when the assertion is that the Court overlooked something, the Court must have overlooked some dispositive factual or legal matter that was presented to it. *See* L. Civ. R. 7.1(i). In short, "[m]ere 'disagreement with the Court's decision' does not suffice." *ABS Brokerage Servs.*, 2010 WL 3257992, at \*6 (quoting *P. Schoenfeld Asset Mgmt., LLC*, 161 F. Supp. 2d at 353); *see also United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999) ("Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for [reconsideration]."). Finally, a motion for reconsideration will likewise fail if the moving party merely raises arguments or presents evidence that could have been raised or presented before the original decision was reached. *NL Indus. Inc.*, 935 F. Supp. at 516.

## III.    DECISION

Plaintiff does not argue there is an intervening change of controlling law since the Court issued its Opinion on summary judgment. As such, the first avenue under the standard is not a ground to reconsider this Court's prior rulings. Therefore, the Court considers only the remaining two avenues for relief: (1) a need to correct a clear error of law or fact or to prevent a manifest injustice; or (2) the availability of new evidence. For the reasons set forth below, Plaintiff's Motion does not warrant relief under either avenue.

Plaintiff seeks reconsideration arguing Local Civil Rule 7.1(i) "permits a party to seek reconsideration by the Court of matters 'which [it] believes the Court has overlooked' when it ruled on a motion." (ECF No. 147-3 at 9 (quoting *NL Indus. Inc.*, 935 F. Supp. at 516).) Plaintiff argues the Court erred in finding "no evidence of institutional systemic indifference to detainees' medical needs." (*Id.* at 17.) Plaintiff claims the Court "ignored numerous public reports by independent civil rights groups and new agencies" and ignored "clear d[i]screpancies in the

testimony of the warden and the jail's doctor." (*Id.*) Plaintiff appears to claim the Court "ignored" the report authored by Samah Sisay, Esq. on behalf of the Center for Constitutional Rights. (*Id.* at 17–18.) Plaintiff provides a certification from Samah Sisay, which Plaintiff submits responds to the Court's "ignorance of the report." (*Id.* at 17.) Plaintiff further claims the "Court's Opinion is conclusory and does not enlist the proper analysis in analyzing whether the federal claims in this matter are fit for a jury to decide." (*Id.* at 18.)

First, Plaintiff fails to provide new evidence to warrant the Court's reconsideration of the Court's prior grant of summary judgment. In support of his argument, Plaintiff relies on the report that was written in part by Samah Sisay on behalf of the Center for Constitutional Rights. (*Id.* at 17–18; ECF No. 147-2.) Petitioner also provides a certification from Samah Sisay in which Sisay certifies she had first-hand knowledge of the alleged medical neglect contained in the Center for Constitutional Rights report and summarizes the testimonies that are included in the report. (*See* ECF No. 147-2.) However, the Center for Constitutional Rights report was part of the record in Defendant's Motion for Summary Judgment and was thoroughly considered by the Court. (*See* ECF No. 141-4; *see also* ECF No. 145 at 14–15.) Samah Sisay's certification fails to provide "new evidence." Rather, the certification restates what was already in the evidentiary record before the Court on summary judgment.

In granting summary judgment, the Court explained Plaintiff had provided news articles in support of his argument that Defendant had a pattern of not addressing medical claims of detainees at BCJ. (ECF No. 145 at 14.) The Court explicitly discussed the report from Samah Sisay and the other news article in evidence as follows:

> The Court has reviewed these articles and finds they do not support Plaintiff's allegation that in June through October 2018, Bergen County was aware of immigration detainees being denied medical treatment. First Plaintiff submits a letter to various individuals at

6

> BCJ addressing allegations of medical neglect. (ECF No. 141-4 at 124–36.). However, this letter is dated July 13, 2021, and discusses allegations from 2021, which is three years after Plaintiff's detention at BCJ and therefore does not support his allegations that the County was aware of deficient medical care in 2018. (*Id.*) Plaintiff also cites to a 2015 article titled "23 Hours in the Box," which address[es] various concerns stemming from immigration detainees being held in solitary confinement and the conditions in solitary confinement. (*See* ECF No. 141-4 at 154–204.) Plaintiff's allegations here do not pertain to whether Bergen County was aware of negative effects of the use of solitary confinement for detainees.

(*Id.* at 14–15.)

The relevant time at issue in Plaintiff's FAC was June 2018 through October 2018. The Court clearly reviewed the evidence provided by Plaintiff in opposition to Defendant's Motion to for Summary Judgment and found that allegations discussed in Samah Sisay's report were from 2021. As the facts cited by Sisay occurred three years *after* Plaintiff was detained at BCJ, the Court found the evidence did not create an issue of material fact regarding Plaintiff's allegations against Defendant. This evidence is not new and was thoroughly discussed by the Court in granting summary judgment for Defendant.

The Court granted summary judgment, finding Plaintiff's conclusory allegations that Defendant failed to train and supervise medical staff was not sufficient evidence to show Defendant engaged in a policy of failing to adequately, hire, supervise, and/or train the medical staff at BCJ. (ECF No. 145 at 15.) The Court found the evidence of record was insufficient to show an obvious need for further policies or training <u>at the time</u> Plaintiff was housed at BCJ and failed to show a "pattern of similar constitutional violations" that put Bergen County on notice that it was being deliberately indifferent to immigration detainees' rights to adequate medical care. *Connick v. Thompson*, 563 U.S. 51, 63 (2011). As such, the Court dismissed with prejudice

Plaintiff's deliberate *Monell* claim, supervisory liability claim, and indifference claim against Bergen County. Plaintiff has failed to present any claim of clear error of law or fact.

**IV.    CONCLUSION**

For the reasons expressed above, Plaintiff's Motion (ECF No. 147) is **DENIED**. An appropriate order follows.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated: June 26, 2026